UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

QIUFENG XU,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.:  26-cv-1929-BJC-JLB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1, 2]**

Before the Court is Qiufeng Xu's ("Petitioner") writ of habeas corpus that was filed on March 26, 2026.  ECF No. 1.  For the reasons set forth below, the petition is **GRANTED IN PART**.

## I.    BACKGROUND

Petitioner is a native and citizen of China.  ECF No. 5 at 2.  On March 7, 2022, he was admitted into the United States on a nonimmigrant visa.  *Id.*  In November 2022, Petitioner filed an application for asylum with United States Citizenship and Immigration Services, but his application remains pending.  ECF No. 1 at 5.

On March 2, 2026, Form I-200, Warrant for Arrest, was issued for Petitioner's arrest.  ECF No. 5 at 2.  That same day, he was apprehended by Immigration Customs and Enforcement ("ICE").  *Id.*  The Department of Homeland Security ("DHS") determined

1

that Petitioner was removable under 8 U.S.C. § 1227(a)(1)(B), as an individual who remained in the United States longer than permitted under the terms of his visa. *Id.* Based on that charge, DHS issued a Notice to Appear ("NTA") and initiated removal proceedings under 8 U.S.C. § 1229a. *Id.* Petitioner is currently detained at the Otay Mesa Detention Center under 8 U.S.C. § 1226(a). *Id.* According to Respondents, "Petitioner is eligible for a hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge but has failed to request one as of today." *Id.*

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

### A.   Jurisdiction

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not

2

prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, he challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional duties. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

**B.        Merits of Petition**

Section 1226(a) authorizes discretionary detention pending removal proceedings and provides for the possibility of release on bond. *See* 8 U.S.C. § 1226(a). Noncitizens detained under § 1226(a) are entitled to an individualized bond hearing before an Immigration Judge to determine whether continued detention is warranted. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

Here, Respondents concede that Petitioner is detained under § 1226(a) and acknowledge that he is entitled to a bond hearing pursuant to that provision. ECF No. 5 at 9. Because Petitioner has not received an individualized bond hearing since his detention began two months ago, continued detention without such a hearing is a violation of due process. Therefore, habeas relief is appropriate.

//

//

//

3

26-cv-1929-BJC-JLB

### IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1.  Petitioner's Writ of Habeas Corpus is **GRANTED IN PART**.

2.  Respondents are hereby **ORDERED** to hold a bond hearing within fourteen days of this order and cannot deny bond at the hearing based on 8 U.S.C. § 1225.

3.  Respondents are **ENJOINED** from transferring Petitioner before a bond hearing takes place.

4.  Petitioner's request for additional injunctive relief set forth in the Prayer for Relief, ECF No. 1 at 12-13, is **DENIED**.

5.  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated:  May 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1929-BJC-JLB